No. 1954.
Second Circuit

MYERS MANUFACTURING COMPANY v. A. C. WATERMAN.

(March 11, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Error and Mistake— Par. 3.**
A definite promise to pay a past due account binds the person making the promise and the promise will not be disregarded unless in error of fact or under duress. Keough vs. Foreman, 33 La. Ann. 1434.

Appeal from the First Judicial District Court of Louisiana, parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit upon an open account for natatorium goods sold to defendant. There was judgment for plaintiff as prayed for and defendant appealed. Judgment affirmed.

Crain, Benoit and Jackson of Shreveport, attorneys for plaintiff, appellee.

Dickson and Denny of Shreveport, attorneys for defendant, appellant.

STATEMENT OF THE CASE.
REYNOLDS, J.

This is a suit upon an open account for $645.90 for natatorium goods sold by plaintiff to defendant.

The answer admits the correctness of the account, as to prices, dates and items charged thereon, but denies liability on the ground that the goods were sold under false and fraudulent representations; that they were guaranteed to be with salt water dye and not to fade, and to be fresh stock as to the bathing suits, and the rubber caps were bought as new rubber stock, whereas said bathing suits were defective in that they faded, shrunk and

wore out in a very short time, being rotten, old and decayed and of poor material.

On these issues the case was tried and there was judgment in favor of plaintiff and against defendant for the full amount sued for, and defendant appealed.

OPINION.

The goods whose price is sued for were shipped by express, April 20, 1921.

Defendant sold the goods during the months of June and July.

On August 28, 1921, defendant telegraphed plaintiff:

"Will remit September tenth. Many thanks for your courtesy."

This promise to pay was made long after the goods had been received and after many of them had been sold; and under this telegram we do not think the judgment of the District Court was erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.